# UNITED STATES DISTRICT COURT
## Eastern District of California

## Petition to Modify the Conditions or Term of Supervision with Consent of the Offender
*(Probation Form 49, Waiver of Hearing, is on file)*

**Name of Offender:**   Jose Diaz                                                   **Docket Number:**   0972 1:06CR00185-02

**Name of Judicial Officer**:   Honorable Lawrence J. O'Neill, Chief United States District Judge

**Date of Original Sentence:**   6/22/2007

**Original Offense:** 21 U.S.C. § 841(a)(1) – Distribution of Methamphetamine (Class A Felony)

**Original Sentence:** 120 months custody of the Bureau of Prisons; 60 months Supervised Release; $100 Special Assessment; Mandatory drug testing; Firearms restriction; DNA collection.

**Special Conditions:**

Warrantless Search
Drug/Alcohol Treatment
Drug/Alcohol Testing
Pager/Cellular Phone Restriction
Aftercare Co-payment
Drug Registration
Gang Associations

**Type of Supervision:**   Supervised Release

**Date Supervision Commenced:**   10/20/2014

**Other Court Actions:**

**06/24/2016:**   Prob 12A Petition submitted, notifying the Court of the offender's use of marijuana, which he admitted. The offender was counseled and no further action was requested. The Court agreed with the probation officer's recommendation.

## PETITIONING THE COURT

**To modify the conditions of supervision as follows:**

> 8. The defendant shall participate in a cognitive behavioral treatment program as directed by the probation officer.
>
> 9. The defendant shall participate in Moral Reconation Therapy as directed by the probation officer.

**Justification:** On October 20, 2014, the offender's term of supervised release commenced in the Eastern District of California. During the first two years of supervision, he resided with his sister and her husband, who seemly had a positive influence over him, as he had no compliance issues while living with them. Then he moved in with his parents and began to drift back into old habits. In June 2016, the offender submitted a urine sample which tested positive for marijuana. To his credit, he admitted to the use of marijuana as a coping mechanism to deal with stress. The offender reported he was dealing with increased stress after repeated attempts to secure employment, only to be laid off shortly afterward. He is a single father, who needed the income to support himself and his daughter. Consequently, after his first positive for marijuana, a violation report was submitted to the Court with no action recommended due to his circumstances. Your Honor concurred with the recommendation.

Shortly afterward, the offender was involved in an automobile accident that caused injuries to his hand and ultimately resulted in surgery. Being a laborer, this created more problems and more stress. Although the offender was referred to drug counseling twice per month, the counseling sessions were not enough to address his lack of income and financial struggles. Unable to work, in July 2016, he moved back in with his sister and brother-in-law, whom have provided strong support for him. However, he still found himself dealing with depression and on July 28 and August 19, 2016, he submitted two more urine samples which returned positive for marijuana. When confronted about his new use, he denied any new use and contended the results were residual use. Nonetheless, he acknowledged he has made some mistakes and wants to get his life on track. As a result of his faulty thinking, he is quick to give up on himself when things are not going in his favor. During this time period, he also submitted a diluted urine sample; however, this is not uncommon when individuals drink clear substances prior to testing. Mr. Diaz has been advised to drink only dark liquids prior to testing as this will decrease the likelihood of diluted samples. It is notable that in dealing with substance abuse, relapse is expected in the recovery process, so long as the offender continues to take proactive steps to address the problematic issues causing the continued use.

Based on the offender's denial of recent marijuana use, a request was sent to Alere Toxicology Services for interpretation of the THC nanogram levels in the offender's positive urine samples submitted on 6/24, 7/28, and 8/19/2016. Interpretation results received back from the Director of Toxicology with Alere Toxicology Services noted it was his opinion that the offender reused marijuana prior to the urine sample collected on 7/28/2016. He based his opinion on moderate use, the length of time the donor continues to test positive after the specimen collected on 6/24/16 (34 days) and the lack of significant decrease in the normalized level of drug present in the urine specimen collected on 7/28/16.

The offender still does not have complete use of his hands and is unable to work. However, with the support of his sister, he stated he is ready to try harder. He has expressed a sincere desire to change his circumstances and asked if he could participate in weekly counseling sessions to address his bouts with depression and drug use. Although the results from Alere Toxicology are concerning, in an effort to utilize treatment resources, the undersigned believes the less intrusive and most effective way to address drug relapse is to get to the root cause of the substance abuse by addressing the offender's thinking pattern, coupled with intensive outpatient treatment. Therefore, the offender will begin participating in weekly group counseling and continue in individual counseling sessions as well. It is respectfully recommended that the offender's supervised release conditions be modified to include a program for cognitive-based therapy. This program will address the offender's faulty thinking and equip him with alternative tools to deal with stress and disappointment.

This modification has been discussed with Mr. Diaz, and he has signed a Waiver of Hearing to modify conditions agreeing to the proposed modifications.

Respectfully submitted,

*/s/ Brenda Barron-Harrell*

**Brenda Barron-Harrell**
**Supervising United States Probation Officer**
Telephone: 209-574-9481 or 916-683-3322

**DATED:** 10/21/2016

**THE COURT ORDERS:**

☒ Modification approved as recommended.

IT IS SO ORDERED.

Dated: __October 23, 2016__    _____/s/ Lawrence J. O'Neill_____
                               UNITED STATES CHIEF DISTRICT JUDGE

cc:   United States Probation

      Assistant United States Attorney: Kathleen Servatius

      Defense Counsel: Dale A. Blickenstaff