McGREGOR W. SCOTT
United States Attorney
KATHLEEN A. SERVATIUS
LAURA D. WITHERS
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile:  (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                             Plaintiff,<br><br>                    v.<br><br>JOSE DIAZ,<br><br>                             Defendant. | CASE NO. 1:06-CR-00185-02<br><br>UNITED STATES' OPPOSITION TO DEFENDANT JOSE DIAZ'S MOTION TO MODIFY AND REDUCE SUPERVISED RELEASE TERM (DKT. NO. 104) |

The United States of America, by and through its undersigned counsel, hereby files its response in opposition to defendant Jose Diaz's *pro se* Motion to Modify and Reduce Supervised Release Term Per 18 U.S.C. § 3583(e)(1). Dkt. No. 104. The defendant has moved for early termination of a forty-nine month supervision period based on compliance with the terms and conditions of supervised release. Given the defendant's criminal history and history of violations, both the United States and the defendant's probation officer oppose his motion. The defendant points to no unforeseen or changed circumstances justifying early termination of supervised release, and his motion should be denied.

**I.     Defendant Has a History of Serious Violations of Supervised Release**

The defendant pleaded guilty to distribution of methamphetamine, in violation of Title 21, United States Code, Section 841(a)(1). On June 22, 2007, he was sentenced to 120 months' imprisonment to be followed by a sixty-month term of supervised release. Dkt. No. 58. Both terms constituted the mandatory minimum possible terms of imprisonment and of supervised release. As

detailed in the Presence Investigation Report (PSR), the defendant was personally responsibility for three separate sales of pound quantities of methamphetamine to undercover agents. PSR ¶ 15.

The defendant has a history of failing to comply with court-ordered supervision. After convictions at sixteen for receiving stolen property and evading a police officer, he violated his probation conditions by failing to report and to attend school, associating with gang members, and violating curfew. PSR ¶¶ 22-25. When released on pre-trial supervision during the initial phase of this case, the defendant tested positive for THC and was subsequently found in a vehicle with known gang members and a firearm. PSR ¶ 5. Upon release from prison, the defendant's federal supervised release began in October 2014. In June 2016, a Probation 12A Petition issued for admitted marijuana use. In October 2016, a Probation 12B Petition issued for marijuana use. Dkt. No. 70. In March 2017, a 12B Petition issued to notify the Court of the defendant's DUI arrest. Dkt. No. 71.

In October 2017, probation filed a 12C Petition alleging two violations of supervised release based upon conduct in September 2017. Dkt. No. 72. First, Modesto Police Officers responded to a bar where it was alleged the defendant lifted his shirt exposing a firearm in his waistband and also that he pushed a female victim causing her to fall. He was arrested on state charges of kidnapping and battery. Second, when later questioned, the defendant stated that he was at a night club before the bar where the incident occurred. The defendant admitted this second violation, specifically frequenting a place where alcohol is the chief item of sale. On January 16, 2018, the defendant was sentenced to five months' imprisonment to be followed by fifty-four months of supervised release based upon the violation conduct. Dkt. No. 90.

The defendant was released from custody on March 23, 2018, and by July 2018 probation had filed another 12C Petition. Dkt. No. 91. Modesto Police Officers on routine patrol heard a series of rapid gunshots, which led them to the defendant and another individual. The officers found a 9mm Ruger and several spent shell casings, and officers learned that both the defendant and the other individual present shot the gun that evening. The defendant also admitted to consuming two beers. He was arrested on state charges of negligent discharge of a firearm, and probation charged violation conduct for possession or access to a firearm and failure to abstain from alcohol. The defendant later admitted both charged. Dkt. No. 101. On November 5, 2018, the defendant was sentenced to eleven

months' imprisonment, to be followed by a forty-nine month term of supervised release.  Dkt. No. 103. According to the Federal Bureau of Prisons, the defendant was released from custody on July 12, 2019.

On August 18, 2020, the defendant filed a *pro se* motion for early termination of supervised release for three reasons: first, because he has "now shown that [he] can live [his] life within the confines of the rule of law without the need for supervisory intervention[]"; second, because he now has "a family that [he is] working hard to provide for and support[]"; and third, because policy changes mean the interests of justice support early termination.  Dkt. No. 104 at 2.

## II.    **Defendant Must Show Unforeseen or Changed Circumstances, Not Just Compliance**

The Court may discharge a defendant and terminate a term of supervised release "at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interests of justice."  18 U.S.C. § 3583(e)(1).  In making such a determination, the Court is to consider the purposes of sentencing referenced in Section 3583(e)(1), which include: (A) the nature and circumstances of the offense and the history and characteristics of the defendant; (B) the need for the sentence imposed to afford adequate deterrence to criminal conduct; (C) the need to protect the public from further crimes of the defendant; (D) the need to provide the defendant with needed education or vocational training, medical care, or other correctional treatment in the most effective manner; (E) applicable guidelines or police statements issued by the Sentencing Commission; and (F) the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct.  *See* 18 U.S.C. §§ 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7).

In the Ninth Circuit, "[i]t is defendant's burden to establish that he is entitled to the rarely-granted remedy of early termination of supervised release."  *United States v. Emmett*, 749 F.3d 817, 824 (9th Cir. 2014) (Nguyen, J., dissenting) (citing *United States v. Weber*, 451 F.3d 552, 559 n.9 (9th Cir. 2006)).  The defendant should alert the Court to "'unforeseen' or 'changed circumstances' that implicate its initial sentencing decision and analysis.'"  *Id.* (quoting *United States v. Miller*, 205 F.3d 1098, 1101 (9th Cir. 2000)).  Changed circumstances include "exceptionally good behavior by the defendant" or other factors that "render a previously imposed term or condition of release either too harsh or inappropriately tailored to serve the general punishment goals of section 3553(a)."  *Miller*, 205 F.3d at

1001 (quoting *United States v. Lussier*, 2014 F.3d 32, 36 (2d Cir. 1997)).

### III. Defendant Can Show Only Recent Compliance Insufficient to Meet His Burden

Neither the defendant's conduct nor the interests of justice warrant early termination. As an initial matter, as to the defendant's conduct, even if the claims in his motion are true, all he has shown is that he is employed, spends time with his family, and thus far has not incurred any new charges or violations of his release conditions. While this may constitute progress for the defendant, it is also the bare minimum expected of defendants on supervised release, certainly not exceptional so as to qualify as an unforeseen or changed circumstance. Federal courts repeatedly have admonished that mere compliance with supervised release conditions is not enough for early termination. *See*, *e.g.*, *United States v. Bauer*, No. 5:09-CR-00980-EJD, 2012 WL 1259251 at *2 (N.D. Cal. Apr. 13, 2012) (unpub.) ("[T]he reasons cited by Defendant--compliance with release conditions, resumption of employment and engagement of family life--are expected milestones rather than a change of circumstances rendering continued supervision no longer appropriate."); *United States v. McKay*, 352 F. Supp. 2d 359, 361 (E.D.N.Y. 2005) ("Model prison conduct and full compliance with the terms of supervised release is what is expected of a person under the magnifying glass of supervised release and does not warrant early termination."); *United States v. Weintraub*, 371 F. Supp.2d 164, 167 (D. Conn. 2005) ("Although Weintraub's ongoing and full compliance with all conditions of supervised release, including payment of the fine and restitution, is commendable, in the end that is what is required of all criminal defendants and is not a basis for early termination of his supervised release.").

The interests of justice also strongly favor continuing the defendant's supervision. *See* 18 U.S.C. § 3583(e) (directing courts presented with request for early termination to consider, inter alia, "nature and circumstances of the offense and the history and characteristics of the defendant," as well as need for deterrence and to protect the public). The defendant already had a juvenile record before the instant conviction at the age of nineteen for distribution of methamphetamine. He has a history of violation conduct related to drugs, alcohol, and firearms, all of which have made him a danger to himself and others. It is also worth noting that after his initial release from prison, the defendant avoided violations of his supervised release conditions for about two and a half years before beginning a two-year period of successive and serious violations. Based on the defendant's past conduct, one year spent avoiding

violations is not indicative of future compliance with release conditions or the law.  The defendant was originally sentenced to serve a five-year term of supervised release, the mandatory minimum.  Since his release in October 2014, by the government's calculation, the defendant has not yet managed to successfully complete five combined years of supervision.  Continued supervision is appropriate to deter a repeat of the defendant's prior violation conduct and to incentive continued compliance with the law.

### IV.     Conclusion

In light of the purposes of sentencing in 18 U.S.C. §§ 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a) (5), (a)(6), and (a)(7), the defendant's motion to be discharged from supervised release should be denied pursuant to Fed. R. Crim. P. 32.1 and 18 U.S.C. § 3583(e)(1) as he has failed to meet his burden to show that such discharge is justified.

Dated:  August 28, 2020

McGREGOR W. SCOTT
United States Attorney

By:  /s/ LAURA D. WITHERS
KATHLEEN A. SERVATIUS
LAURA D. WITHERS
Assistant United States Attorney